UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

DEC - 4 2017

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KEITH JERMAINE EVERETT,

        Petitioner,

v.

UNITED STATES OF AMERICA,

        Respondent.

Civil No. 2:17cv409
Criminal No. 2:13cr67

## OPINION AND ORDER

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Keith Jermaine Everett ("Petitioner"). ECF No. 41. Petitioner's § 2255 motion alleges that Petitioner's guilty plea was involuntary and argues that his sentence should be reduced. Id. For the reasons set forth below, Petitioner's § 2255 motion is **DISMISSED as untimely.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 29, 2013, pursuant to a written plea agreement, Petitioner pled guilty to a one-count criminal information charging him with conspiracy to distribute and possess with intent to distribute five-hundred (500) grams or more of cocaine. ECF No. 19. On August 27, 2013, Petitioner was sentenced to 188 months imprisonment followed by five years of

supervised release. ECF No. 30. Petitioner did not file an appeal to the Fourth Circuit Court of Appeals.

On May 9, 2017, the Court received Petitioner's motion titled "Motion 994-A." ECF No. 36. Approximately one week later, the Court received a second motion titled "Motion 3582-c-2 Two Level Reduction."[1] ECF No. 37. On June 28, 2017, this Court issued an Order instructing Petitioner to Show Cause why his first motion, which attacked his sentence based on the alleged involuntariness of his plea, should not be construed as a motion under 28 U.S.C. § 2255. ECF No. 38, at 5. To the extent Petitioner requested reclassification, the Court also advised Petitioner that a § 2255 motion may be timebarred. Id. On July 26, 2017, Petitioner filed the instant § 2255 motion, thereby indicating his request for reclassification. ECF No. 41. The Government was ordered to file a response, and on September 20, 2017, the Government filed a brief asserting that Petitioner's § 2255 motion should be dismissed as untimely. ECF No. 48. Petitioner's § 2255 motion is now ripe for review.

## II. STANDARD OF REVIEW

A federal prisoner, in custody, may collaterally attack his sentence or conviction by moving the district court "to vacate,

---

[1] After receiving a brief in opposition from the Government, this Court denied Petitioner's second motion, which sought a sentence reduction under 18 U.S.C. § 3582(c), as the Guideline amendment on which Petitioner relied (Amendment 782) did not lower his advisory Guideline range, rendering Petitioner ineligible for § 3582(c) relief. ECF No. 46.

set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain such relief, a petitioner must prove by a preponderance of the evidence that his sentence or conviction was "imposed in violation of the Constitution or laws of the United States," that the district court "was without jurisdiction to impose such sentence," that the sentence exceeds "the maximum authorized by law," or that the sentence or conviction is "otherwise subject to collateral attack." Id.; see Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

A § 2255 motion is, in essence, a statutory federal habeas corpus action that enables a petitioner to collaterally attack his sentence or conviction through the filing of a new proceeding, as contrasted with a direct appeal.[2] United States v. Hadden, 475 F.3d 652, 663 (4th Cir. 2007). With limited exceptions, a petitioner advancing new claims asserted for the first time in a § 2255 motion "must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). The "higher hurdle" applies because, once a Petitioner's opportunity to pursue a direct appeal has been waived or exhausted, there is "a final judgment [that] commands respect." Id. at 164-65.

---

[2] The existence of the right to pursue a collateral attack does not displace a direct appeal as the "usual and customary method of correcting trial errors." United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).

3

Congress and the President have established a one-year limitations period within which a petitioner must file a § 2255 motion. 28 U.S.C. § 2255(f). The one-year limitations period begins running on the latest of four dates: (1) the "date on which the judgment of conviction becomes final"; (2) the date on which certain government-created impediments to filing are removed; (3) the date on which a new right has been recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which facts supporting the claim could be discovered through due diligence. Id. (emphasis added).

### III. DISCUSSION

Neither Petitioner's § 2255 motion, nor his various other briefs filed in this case, cite to any case law, statute, or any other authority that would excuse his compliance with the limitations period set forth in § 2255(f). As highlighted by the Government, Petitioner had one year to file a timely § 2255 motion from the latest of the four dates set forth in § 2255(f). Because Petitioner fails to assert that a Government-created impediment prevented him from filing a timely § 2255 motion, and his theories of relief do not rely on new facts that were not previously discoverable or newly decided Supreme Court cases that were made retroactive, the one-year limitation period began

4

to run on "the date on which the judgment of conviction bec[a]me[] final." 28 U.S.C. § 2255(f)(1).

Petitioner's criminal judgment was entered on the public docket on August 30, 2013, and his conviction became final fourteen days later when Petitioner's direct appeal period expired. See United States v. Osborne, 452 F. App'x 294, 295 (4th Cir. 2011) (explaining that a conviction becomes "final" for § 2255(f)(1) purposes at the "expiration of the time for seeking [a direct appeal]" and that the appeal period in a criminal case extends "fourteen days from the date when judgment was 'entered on the criminal docket'") (citations omitted). Petitioner's one-year limitations period therefore expired in September of 2014, yet he did not file his motion until May of 2017, nearly three years after the limitations period expired. Having offered no valid justification excusing his late-filing,[3] Petitioner's § 2255 motion is **DISMISSED** as untimely.[4]

---

[3] In limited circumstances, a court may equitably toll the one-year limitations period set forth in § 2255(f). Holland v. Florida, 560 U.S. 631, 645-49 (2010). The purpose of such tolling is to provide flexibility to relieve rare hardships that arise from a rigid application of the law. Id. at 650. Petitioner has not asserted that equitable tolling applies, nor does he advance any evidence or argument suggesting the existence of "extraordinary circumstances" that would render it "unconscionable to enforce the limitation period" in this case. Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc) (citations omitted).

[4] In the alternative, even assuming that Petitioner's § 2255 motion was timely, Petitioner fails to demonstrate that he is entitled to relief. Notably, Petitioner's challenges to the voluntariness of his plea are not only procedurally defaulted, but they rely entirely on brief conclusory statements. See ECF No. 41, at 4-5. ("I feel like this is [a] very unfair sentence"; "my plea was involuntary[,] I did not understand . . . my plea

## IV. CONCLUSION

For the reasons stated above, Petitioner's § 2255 motion is **DISMISSED** as untimely. ECF No. 41. Finding that the procedural basis for dismissal of Petitioner's § 2255 motion is not debatable, and alternatively finding that Petitioner has failed to make a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c)(2); see R. Gov. § 2255 Proc. for U.S. Dist. Cts. 11(a); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. R. Gov. § 2255 Proceedings for U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Court of Appeals, he must do so **within sixty (60) days** from the date of this Order. Petitioner may seek such a certificate by filing a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

---

deal."). Such conclusory allegations lack the specific facts necessary to demonstrate that Petitioner's guilty plea was involuntary. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.") (citations omitted).

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to Petitioner and the United States Attorney's Office in Norfolk, Virginia.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 4 , 2017